IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 21, 2014 at Knoxville

## DERRICK GARRIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 92-05131    Mark Ward, Judge**

**No. W2014-00052-CCA-R3-ECN  - Filed November 20, 2014**

The petitioner, Derrick Garrin, appeals the summary dismissal of his petition for writ of error coram nobis, which petition challenged his 1994 Shelby County Criminal Court jury convictions of two counts of felony murder and two counts of attempted second degree murder on grounds that his sentence was imposed in contravention of *Blakely v. Washington*, 542 U.S. 296 (2004).  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Derrick Garrin, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

A Shelby County Criminal Court jury convicted the petitioner of two counts of felony murder and two counts of attempted second degree murder and imposed life sentences for both counts of felony murder, and the trial court imposed a total effective sentence of 21 years for the convictions of attempted second degree murder to be served consecutively to the life sentence.  This court affirmed the convictions and sentence on direct appeal, *see State v. Derrick K. Garrin*, No. 02-C-01-9501-CR-00028 (Tenn. Crim. App., Jackson, May 24, 1996) (*Garrin I*), as well as the denial of post-conviction relief, *see Derrick K. Garrin v. State*, No. 02C01-9707-CR-00272 (Tenn. Crim. App., Jackson, Aug. 21, 1998) (*Garrin II*).

On October 23, 2013, the petitioner filed a petition for writ of error coram nobis, asking the court to "vacate his sentence" on grounds that it was imposed in violation of his right to trial by jury as explained in *Blakely v. Washington*, 542 U.S. 296 (2004). The petitioner also claimed entitlement to relief on grounds that this court "abused its discretion in failing to find error in the trial court's failure to instruct the jury on included offenses of facilitation of felony murder and criminal responsibility." He claimed due process tolling of the one year statute of limitations for filing a petition for writ of error coram nobis but failed to allege any facts in support of tolling. The State did not plead application of the statute of limitations as an affirmative defense.

The coram nobis court summarily dismissed the petition, finding that the petitioner had failed to allege a cognizable ground for coram nobis relief. Instead, the court found, the petition was "merely an attempt to litigate a legal issue that could have been raised in earlier post-conviction proceedings."

In this timely appeal, the petitioner reiterates his claims that his sentence was imposed in violation of his right to trial by jury and that "the lower court abused its discretion in failing to find error in the trial court's failure to instruct the jury on included offenses of facilitation of felony murder and criminal responsibility." The State asserts that the coram nobis court properly dismissed the petition for failure to state a cognizable ground for relief.

A writ of error coram nobis is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (citation omitted). Coram nobis relief is provided for in criminal cases by statute:

> The relief obtainable by this proceeding shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding. Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial.

T.C.A. § 40-26-105(b) (2006); *see State v. Vasques,* 221 S.W.3d 514, 525-28 (Tenn. 2007) (describing standard of review as "'whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been

different'") (citation omitted).  The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court.  *Vasques*, 221 S.W.3d at 527-28.

Initially, we note that the petitioner's life sentences were imposed by the jury, rendering any claim via *Blakely* inapt.  More importantly, however, neither a claim that his sentences were imposed in contravention of *Blakely* nor a claim that this court erred with regard to its ruling on an earlier claim of jury instruction error would avail him of the relief he desires.  Coram nobis relief is available only when a petitioner can establish that the result of his trial might have been different in light of newly discovered evidence.  The petitioner's claims of error do not include any such allegation, and, in consequence, are not cognizable grounds for coram nobis relief.

Accordingly, the judgment of the coram nobis court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE